1    **WO**                                                                          SC

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9    Michael W. Coleman,                    )    No. CV 07-2436-PHX-EHC (MHB)
                                            )
10              Plaintiff,                   )    **ORDER**
                                            )
11   vs.                                     )
                                            )
12   Joseph Arpaio, et al.,                  )
                                            )
13              Defendants.                  )
                                            )
14   _____)

15         Plaintiff Michael W. Coleman, who is confined in the Lower Buckeye Jail in Phoenix,

16   Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an

17   Application to Proceed *In Forma Pauperis*.[1]   (Doc.# 1.)[2]   The Court will dismiss the

18   Complaint with leave to amend.

19   **I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

20         Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C.

21   § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).

22   The Court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  The statutory

23   fee will be collected monthly in payments of 20% of the previous month's income each time

24   _____

25        [1]  Many inmates apparently believe that they will receive an immediate payout from
     a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz. filed Jan. 10,
26   1995).  No such fund exists.  The inmates in Hart asked for injunctive relief and not monetary
     damages.  The Court at this time expresses no opinion on whether Plaintiff's lawsuit may
27   result in an award of damages.

28        [2]  "Doc.#" refers to the docket number of filings in this case.

**JDDL-K**

the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).  If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).  Plaintiff's Complaint will be dismissed for failure to state a claim with leave to amend because the Complaint may possibly be saved by amendment.

**III.    Complaint**

Plaintiff alleges two counts in his Complaint regarding his conditions of confinement. Plaintiff sues Maricopa County Sheriff Joseph Arpaio and Arizona Governor Janet Napolitano.  Plaintiff seeks compensatory and injunctive relief.

**IV.    Failure to State a Claim**

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right.  Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989).  Further, a "'plaintiff generally must assert his own legal rights and interests, and cannot assert the legal rights or interests of third parties.'"

1    Mothershed v. Justices of the Supreme Court, 410 F.3d 602, 610 (9th Cir. 2005) (quoting

2    Warth v. Seldin, 422 U.S. 490, 499 (1975)). In addition, a plaintiff must allege that he

3    suffered a specific injury as a result of the conduct of a particular defendant and he must

4    allege an affirmative link between the injury and the conduct of that defendant.  Rizzo v.

5    Goode, 423 U.S. 362, 371-72, 377 (1976).

6         **A.     Hart v. Hill**

7         Plaintiff indicates that he seeks relief pursuant to a judgment entered in Hart v. Hill,

8    No. CIV 77-0479-PHX-EHC (D. Ariz).  Plaintiff may not enforce the decree entered in Hart

9    in a separate civil rights action.  Cagle v. Sutherland, 334 F.3d 980, 986 (11th Cir. 2003);

10   Klein v. Zavaras, 80 F.3d 432, 435 (10th Cir. 1996); DeGidio v. Pung, 920 F.2d 525, 534

11   (8th Cir.1990); Green v. McKaskle, 788 F.2d 1116, 1122-23 (5th Cir. 1986).  Moreover,

12   standing alone, remedial orders, such as that entered in Hart, cannot serve as a substantive

13   basis for a § 1983 claim for damages because such orders do not create "rights, privileges,

14   or immunities secured by the Constitution and laws."  Green, 788 F.3d at 1123-24.  Rather,

15   remedial decrees are the means by which unconstitutional conditions are corrected.  Id. at

16   1123.  For these reasons, Plaintiff may not properly seek § 1983 relief to enforce Hart in this

17   action; instead, he must allege how particular federal constitutional or statutory rights have

18   been violated by one or more Defendants.  To the extent that Plaintiff seeks relief pursuant

19   to Hart, he fails to state a claim.

20        **B.     Governor Napolitano**

21        Plaintiff names Arizona Governor, Janet Napolitano, as a Defendant.  Plaintiff fails

22   to allege any facts to connect Governor Napolitano to any alleged violation of Plaintiff's civil

23   rights.  For this reason, she will be dismissed as a Defendant.

24        **C.     Sheriff Arpaio**

25        Although Arpaio may properly be sued for constitutional violations, Plaintiff fails to

26   state a claim against him.  "A plaintiff must allege facts, not simply conclusions, that show

27   that an individual was personally involved in the deprivation of his civil rights."  Barren v.

28   Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).  For an individual to be liable in his official

capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom. See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001). Further, there is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of someone who allegedly violated a plaintiff's constitutional rights does not make him liable. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045.

Plaintiff has not alleged that Arpaio enacted or enforced a policy, custom, or practice that resulted in the denial of Plaintiff's constitutional rights. Further, Plaintiff has not alleged that Arpaio directly violated his constitutional rights or that he was aware that Plaintiff's rights were being violated but failed to act. Thus, Plaintiff fails to state a claim against Arpaio in his Complaint.

**D.    Count I**

In Count I, Plaintiff alleges a litany of circumstances that allegedly violate his right to due process. These are considered by category and, for the reasons discussed, they fail to state a claim against any Defendant. In an amended complaint, Plaintiff **must** break these claims into separate counts.

**1.    Conditions of Confinement**

Plaintiff alleges that various conditions violate his constitutional rights. A pretrial detainee's claim for unconstitutional conditions of confinement arises from the Due Process Clause of the Fourteenth Amendment while a convicted inmate's claim for unconstitutional conditions arises from the Eighth Amendment prohibition against cruel and unusual punishment. Bell v. Wolfish, 441 U.S. 520 (1979). Nevertheless, the same standards are applied. See Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). To state a claim for unconstitutional conditions, a plaintiff must allege an objectively "sufficiently serious" deprivation that results in the denial of "the minimal civilized measure of life's necessities."

Farmer v. Brennan, 511 U.S. 825, 834 (1994); Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1994); see Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043, 1049-50 (9th Cir. 2002).  That is, a plaintiff must allege facts supporting that he is incarcerated under conditions posing a substantial risk of harm.  Farmer, 511 U.S. at 834.  Whether a condition of confinement rises to the level of a constitutional violation may depend, in part, on the duration of an inmate's exposure to that condition.  Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (citing Hutto v. Finney, 437 U.S. 678, 686-87 (1978).  Further, allegations of overcrowding, alone, are insufficient to state a claim.  See Rhodes v. Chapman, 452 U.S. 337, 348 (1981).  When, however, overcrowding causes an increase in violence or reduces the provision of other constitutionally required services, or reaches a level where the institution is no longer fit for human habitation, the inmate's right against cruel and unusual punishment may be violated. See Balla v. Idaho State Bd. of Corr., 869 F.2d 461, 471 (9th Cir. 1989); Toussaint v. Yockey, 722 F.2d 1490, 1492 (9th Cir. 1984).  In addition to alleging facts to support that he is confined in conditions posing a substantial risk of harm, to state a claim for unconstitutional conditions, a plaintiff must also allege facts supporting that a defendant had a "sufficiently culpable state of mind," i.e., that the official acted with deliberate indifference to inmate health or safety.  Id.  In defining "deliberate indifference" in the jail context, the Supreme Court has imposed a subjective test: "the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id. at 837.  A plaintiff must also allege how he was injured by the alleged unconstitutional conditions.  See, e.g., Lewis v. Casey, 518 U.S. 343, 349 (1996) (doctrine of standing requires that claimant have suffered or will imminently suffer actual harm); Caswell v. Calderon, 363 F.3d 832, 836 (9th Cir. 2004) (case-or-controversy requirement means that plaintiff must have an actual or threatened injury traceable to the defendant and likely to be redressed by a favorable judicial decision).

In Count I, Plaintiff alleges that he has had to sleep on the floor due to overcrowding and that overcrowding has increased demand on the few properly functioning telephones, showers, and seating in the Day Room for meals.  He also alleges that noise levels are

1    sometimes deafening due to overcrowding and that bright lights have been left on during the

2    night for the past month, making sleep difficult.  He alleges that sleeping on the floor poses

3    a danger because an inmate climbing into an upper bunk could slip and fall on him from

4    several feet up, particularly because there are no ladders to access the upper bunks.  Plaintiff

5    alleges that MCSO rarely provides him clean clothing for court appearances.  He further

6    alleges that on court days, he is "stuffed" into "dirty, disgusting cells that are overcrowded

7    and usually have an unuseable toilet that is backed up and overflowing."

8        Plaintiff sufficiently alleges facts to support that the conditions of confinement are

9    objectively sufficiently serious so as to violate Plaintiff's constitutional rights.  He fails,

10   however, to allege facts to support that Arpaio, or anyone else, has acted with deliberate

11   indifference to these alleged conditions, i.e., that Arpaio was aware of facts from which the

12   inference of a substantial risk of serious harm exists and that Arpaio drew that inference.  For

13   that reason, he fails to state a claim regarding his conditions of confinement.

14                    **2.        Postcards for Communication**

15       Plaintiff alleges that as an indigent inmate, he is only provided five postcards per

16   week, one side of each bears a picture of the Sheriff or a chain gang, with which to

17   communicate with family and friends thereby violating his right to privacy and freedom of

18   expression.  An inmate retains First Amendment free speech rights not inconsistent with his

19   status as a prisoner and with the legitimate penological objectives of the corrections system.

20   See Shaw v. Murphy, 532 U.S. 223, 231 (2001); Clement v. California Dep't of Corr., 364

21   F.3d 1148, 1151 (9th Cir. 2004).  Thus, jail personnel may regulate speech if such restriction

22   is reasonably related to legitimate penological interests and an inmate is not deprived of all

23   means of expression.  Valdez v. Rosenbaum, 302 F.3d 1039, 1048 (9th Cir. 2002) (citing

24   Turner v. Safley, 482 U.S. 78, 92 (1986)).

25       Plaintiff merely asserts that he is only provided postcards to communicate in writing

26   with friends and family.  He does not allege facts to support that he has been totally denied

27   the means of communicating to friends and family or that he has otherwise been denied all

28   means of expression.  For these reasons, Plaintiff fails to state a claim for violation of his

First Amendment rights.

### 3. Privacy

Plaintiff alleges that he has no privacy when he uses the toilet, presumably because there are no barriers to prevent others from seeing him use the toilet. Inmates have a "right to bodily privacy." Sepulveda v. Ramirez, 967 F.2d 1413, 1415 (9th Cir. 1992); see Hydrick v. Hunter, 500 F.3d 978, 1000 (9th Cir. 2007). The state, however, may restrict this right "to the extent necessary to further the correctional system's legitimate goals and policies." Grummett v. Rushen, 779 F.2d 491, 493 (9th Cir. 1985). The plaintiff "'bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains.'" Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (citations omitted).

Of significant importance in a jail is internal security. Grummett, 779 F.2d at 493. Thus, there are reasonable penological interests in not providing dividers or stalls in bathrooms due to security issues. Plaintiff has not alleged the absence of legitimate correctional goals for the lack of privacy about which he complains. Accordingly, he fails to state a claim on this basis.

### 4. Access to the Courts

Plaintiff alleges that he is deprived of the assistance of a law clerk, paralegal, or legal cases and statutes. Further, he alleges that MCSO will not supply "any legal writing materials to include envelopes, paper, or postage."

The right of meaningful access to the courts prohibits state officials from actively interfering with an inmate's attempt to prepare or to file legal documents. Lewis v. Casey, 518 U.S. 343, 350 (1996). That right, however, only encompasses the right to bring a petition or complaint to federal court and not to discover or even effectively litigate claims once filed with a court. Id. at 354; see Cornett v. Donovan, 51 F.3d 894, 899 (9th Cir. 1995) ("The right of access is designed to ensure that a habeas petition or civil rights complaint of a person in state custody will reach a court for consideration.") The right "guarantees no particular methodology but rather, the conferral of a capability--the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts."

JDDL-K

- 7 -

1  Lewis, 518 U.S. at 356.  Further, the denial of access to a paralegal or use of a law library

2  is not actionable if there is no claim of prejudice to an existing or future legal action.  Id. at

3  351-53.  That is, an inmate must establish that he suffered an "actual injury" when he alleges

4  that he was denied access to a paralegal or a law library.  See Vandelft v. Moses, 31 F.3d

5  794, 797 (9th Cir. 1994).  An "actual injury" is "actual prejudice with respect to

6  contemplated or existing litigation, such as the inability to meet a filing deadline or present

7  a claim."  Lewis, 518 U.S. at 348.  In other words, a plaintiff must allege facts to support that

8  a defendant's conduct prevented him from bringing to court a non-frivolous claim that he

9  wished to present.  Id. at 351-53.

10  Plaintiff does not allege facts to support that he has been denied access to the courts

11  in connection with any litigation.  He also fails to allege facts to support that he was actually

12  injured as a result of any alleged denial of access to legal assistance and/or materials with

13  which to file a complaint or other pleading; he was clearly able to file his Complaint in this

14  action and he otherwise fails to allege facts to support that he was prevented from being able

15  to pursue remedies in any other court case.  Plaintiff's assertion that he has been denied "any

16  legal writing materials to include envelopes, paper, or postage" is conclusory and unsupported

17  by facts regarding any such denial.  For these reasons, Plaintiff  fails to state a claim based

18  upon the denial of access to the courts.

19  **E.  Count II**

20  In Count II, Plaintiff argues that incoming mail is limited to postcards, which deprives

21  him of meaningful contact with family and friends.  This claim is analogous to the portion

22  of Count I discussed in subsection C(2) above.  Restriction on the ability to receive mail does

23  not, absent the allegation of additional facts, rise to the level of a constitutional violation.

24  Plaintiff does not allege facts to support that he has been totally denied the means of

25  receiving communications from friends and family or that he has otherwise been denied all

26  means of communication from them.  For that reason, he fails to state a claim in Count II.

27  **V.  Leave to Amend**

28  For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state

1   a claim upon which relief may be granted.  Within 45 days, Plaintiff may submit a first

2   amended complaint to cure the deficiencies outlined above.  **Plaintiff should set forth each**

3   **claim in a separate count.**  The Clerk of Court will mail Plaintiff a court-approved form to

4   use for filing a first amended complaint.  If Plaintiff fails to use the court-approved form, the

5   Court may strike the amended complaint and dismiss this action without further notice to

6   Plaintiff.

7   Plaintiff must clearly designate on the face of the document that it is the "First

8   Amended Complaint."  The first amended complaint must be retyped or rewritten in its

9   entirety on the court-approved form and may not incorporate any part of the original

10  Complaint by reference.  Plaintiff may include only one claim per count.

11  A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963

12  F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,

13  1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as

14  nonexistent. Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original

15  complaint is waived if it is not raised in a first amended complaint. King v. Atiyeh, 814 F.2d

16  565, 567 (9th Cir. 1987).

17  **VI.    Warnings**

18     **A.    Release**

19  Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

20  Also, within 45 days of his release, he must either (1) notify the Court that he intends to pay

21  the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result

22  in dismissal of this action.

23     **B.    Address Changes**

24  Plaintiff must file and serve a notice of a change of address in accordance with Rule

25  83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

26  relief with a notice of change of address.  Failure to comply may result in dismissal of this

27  action.

28  /      /      /

**C.    Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u> LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.    Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**E.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  <u>See</u> <u>Ferdik</u>, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint, is **granted**.

(2)    As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)    The Complaint (doc.# 1) is **dismissed** for failure to state a claim.  Plaintiff has **45 days** from the date this Order is signed to file a first amended complaint in compliance with this Order.

(4)    If Plaintiff fails to file an amended complaint within 45 days, the Clerk of

1    Court must, without further notice, enter a judgment of dismissal of this action with prejudice

2    that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

3           (5)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil

4    rights complaint by a prisoner.

5           DATED this 6th day of February, 2008.

6

7

8                                          Earl H. Carroll
                                     United States District Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>      Attorney for Defendant(s)
>
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,  )
(Full Name of Plaintiff)             )
      Plaintiff,               )
                )
      vs.                     )   **CASE NO.** _____
                )         (To be supplied by the Clerk)
(1) _____ ,  )
(Full Name of Defendant)             )
(2) _____ ,  )
                )   **CIVIL RIGHTS COMPLAINT**
(3) _____ ,  )   **BY A PRISONER**
                )
(4) _____ ,  )   ☐ Original Complaint
      Defendant(s).            )   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.  )   ☐ Second Amended Complaint

## A.  JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
        ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
        ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
        ☐ Other: _____ .

2.    Institution/city where violation occurred: _____ .

**550/555**

**B.  DEFENDANTS**

1.  Name of first Defendant: _____.  The first Defendant is employed as:
_____at_____.
(Position and Title)                                    (Institution)

2.  Name of second Defendant: _____.  The second Defendant is employed as:
_____at_____.
(Position and Title)                                    (Institution)

3.  Name of third Defendant: _____.  The third Defendant is employed as:
_____at_____.
(Position and Title)                                    (Institution)

4.  Name of fourth Defendant: _____.  The fourth Defendant is employed as:
_____at_____.
(Position and Title)                                    (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

**C.  PREVIOUS LAWSUITS**

1.  Have you filed any other lawsuits while you were a prisoner?      ☐ Yes      ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
       1.  Parties: _____ v. _____
       2.  Court and case number: _____.
       3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
       _____.

    b.  Second prior lawsuit:
       1.  Parties: _____ v. _____
       2.  Court and case number: _____.
       3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
       _____.

    c.  Third prior lawsuit:
       1.  Parties: _____ v. _____
       2.  Court and case number: _____.
       3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
       _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
    ☐ Excessive force by an officer      ☐ Threat to safety   ☐ Other: _____

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.    **Administrative Remedies:**
    a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes    ☐ No
    b.    Did you submit a request for administrative relief on Count I?      ☐ Yes    ☐ No
    c.    Did you appeal your request for relief on Count I to the highest level?      ☐ Yes    ☐ No
    d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.** Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
    ☐ Excessive force by an officer      ☐ Threat to safety    ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
    a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes     ☐ No
    b.   Did you submit a request for administrative relief on Count II?      ☐ Yes     ☐ No
    c.   Did you appeal your request for relief on Count II to the highest level?      ☐ Yes     ☐ No
    d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail              ☐ Access to the court       ☐ Medical care
☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion      ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                           ☐ Yes   ☐ No
b.   Did you submit a request for administrative relief on Count III?                ☐ Yes   ☐ No
c.   Did you appeal your request for relief on Count III to the highest level?        ☐ Yes   ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                            DATE                                          SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.